# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**MARY FABING and JOHN FABING,**

   **Plaintiffs,**

**v.**                                       **Case No.  8:12-cv-2579-T-30TBM**

**GURKIRPAL GILL,**

   **Defendant.**

_____/

## <u>ORDER</u>

THIS CAUSE comes before the Court upon Plaintiff John Fabing's Motion for Leave to Proceed In Forma Pauperis (Dkt. 2), Plaintiff Mary Fabing's Motion for Leave to Proceed In Forma Pauperis (Dkt. 4), Defendant Gurkirpal Gill's Motion to Dismiss (Dkt. 7), Plaintiffs' Response to Motion to Dismiss (Dkt. 8), and Plaintiffs' Motion for Emergency Hearing, Motion to Strike and Declare Motion to Dismiss a Sham, Motion for Summary Final Judgment, Motion to Compel to Release Documents, Motion for Leave of Court to Add New Defendants, and Motion for Leave of Court to Amend Complaint to Add Newly Discovered Injuries (Dkt. 13). The Court, having reviewed the motions, response, and being otherwise advised in the premises, concludes the motion to dismiss should be granted and all other motions denied as moot.

*Pro se* Plaintiffs Mary and John Fabing initiated this lawsuit against Defendant Gurkirpal Gill after Mary was treated by Defendant as one of his patients. The complaint

references numerous statutes and alleges several different claims, albeit in a disjointed and conclusory manner. Defendant moves to dismiss Plaintiffs' complaint based on Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, discussing seven causes of action that are possibly alleged in the complaint.

However, the Court need not address the merits of the Rule 12(b)(6) motion because, as an initial matter, the complaint fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure provides in relevant part that "[a] pleading which sets forth a claim for relief shall contain a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) of the Federal Rules of Civil Procedure provides in relevant part that "[a] party must state its claims or defenses in numbered paragraphs, *each limited as far as practicable to a single set of circumstances*." (emphasis added).

Plaintiffs' complaint is eleven pages of wide-ranging allegations, ranging from medical malpractice to American with Disabilities Act violations to intentional infliction of emotional distress to criminal law violations. The allegations are written in a rambling format, without any structure to particular claims and making it nearly impossible to know what allegations relate to which claims for relief. The Court notes that, although Defendant would likely succeed on his Rule 12(b)(6) motion, the Defendant is guessing as to what claims Plaintiffs are attempting to state in their complaint because their allegations are not "short and plain" nor are they limited to a "single set of circumstances."

Accordingly, the Court concludes that Plaintiffs' complaint should be dismissed, without prejudice to Plaintiffs to amend their complaint to comply with the Federal Rules of Civil Procedure, as explained above. Although the Court notes that *pro se* pleadings are entitled to "liberal construction," *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998), such complaints must still comply with the procedural rules governing the proper form of pleadings. *See Heard v. Nix*, 170 Fed. App'x 618, 619 (11th Cir. 2006).

It is therefore ORDERED AND ADJUDGED that:

1.      Defendant Gurkirpal Gill's Motion to Dismiss (Dkt. 7) is GRANTED.

2.      Plaintiff John Fabing's Motion for Leave to Proceed In Forma Pauperis (Dkt. 2), Plaintiff Mary Fabing's Motion for Leave to Proceed In Forma Pauperis (Dkt. 4), and Plaintiffs' Motion for Emergency Hearing, Motion to Strike and Declare Motion to Dismiss a Sham, Motion for Summary Final Judgment, Motion to Compel to Release Documents, Motion for Leave of Court to Add New Defendants, and Motion for Leave of Court to Amend Complaint to Add Newly Discovered Injuries (Dkt. 13) are DENIED as moot.

3.      The complaint is DISMISSED without prejudice to Plaintiffs to file an amended complaint against Defendant that conforms with the pleading requirements set forth in the Federal Rules of Civil Procedure within twenty (20) days from the date of this Order.

4.      If Plaintiff fails to file an amended complaint within twenty (20) days from the date of this Order, this case shall remain dismissed without prejudice, and the Court will direct the Clerk to administratively close this case, without further notice to the parties.

**DONE** and **ORDERED** in Tampa, Florida on January 25, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2012\12-cv-2579.mtdismiss.frm