**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**MARY FABING and JOHN FABING,**

    **Plaintiffs,**

v.                                                                           Case No.  8:12-cv-2579-T-30TBM

**GURKIRPAL GILL, M.D., et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Petition for An Emergency Hearing, Motion for Summary Judgment, and Motion to Compel Release [of] Documents (Dkt. 17).  The Court, having reviewed the motions and being otherwise advised in the premises, concludes the motions should be denied.

After their initial complaint was dismissed, *pro se* Plaintiffs Mary and John Fabing filed an amended complaint against Defendants Dr. Gurkirpal Gill and Beytin, McLaughlin, McLaughlin, Bolin & Willers, P.A.  The amended complaint remains plagued by rambling paragraphs that make it difficult to know what causes of action the Fabings are trying to allege.  The Defendants have not yet filed a responsive pleading to the amended complaint.

The Fabings have now filed an emergency motion for a hearing, seeking to strike Defendant Gill's motion to dismiss that related to the initial complaint, summary judgment

on their amended complaint, Rule 11 sanctions against the Defendants, and to compel production of Mary Fabing's medical records.

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Rule 12(f) limits the time period for a party to make a motion to strike, requiring the movant to file either "before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f).

It is well settled among courts in this circuit that motions to strike are generally disfavored and will usually be denied unless it is clear the pleading sought to be stricken is insufficient as a matter of law. *See, e.g., Meth Lab Cleanup, LLC v. Spaulding Decon, LLC*, 2011 WL 398047, *1 (M.D. Fla. 2011).  "A court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

The Fabings seek to strike Defendant Gill's entire motion to dismiss that related to their initial complaint.  Their motion is procedurally barred because they have already responded to the motion to dismiss. *See* Dkt. 8.  Furthermore, the Fabings fail to identify what language in the motion to dismiss is "redundant, immaterial, impertinent, or scandalous."  The Fabings simply make bold allegations that defense counsel committed perjury and fraudulent misrepresentation in the motion to dismiss without presenting specific

facts to show what part of the pleading was false.[1] Moreover, that pleading is now irrelevant because the Court allowed the Fabings to file an amended complaint, which they have done. Accordingly, their motion to strike is denied with prejudice.

Summary judgment may only be granted when there are no genuine disputes as to any material fact. Fed. R. Civ. P. 56(a). Defendants have until February 21, 2013, to file a responsive pleading to the amended complaint. As such, there has been no factual discovery at this time and a motion for summary judgment is premature. Therefore, the Fabings' motion for summary judgment is denied without prejudice.

Federal Rule of Civil Procedure 11(c) instructs that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." Fed. R. Civ. P. 11(c)(2). The Fabings filed the motion for sanctions in the same pleading as their motion for an emergency hearing, motion for summary judgment, and motion to strike. Additionally, there is no evidence that the Fabings notified Defendant Gill of their objection to his motion to dismiss or complied with the twenty-one day waiting period. Finally, it would appear the motion to dismiss has been "appropriately corrected" as it is no longer relevant given the

---

[1] The Fabings have added defense counsel of Defendant Gill as an additional party in their amended complaint, and the Court believes the amended complaint allegations about fraudulent misrepresentation relate to the motion to dismiss that they seek to strike in the present motion.

Fabings' amended complaint. For all these reasons, the motion for Rule 11 sanctions is denied with prejudice.

Similar to the motion for summary judgment, the Fabings' motion to compel medical records is premature. Discovery may not commence until an answer or dispositive motion has been filed on behalf of the Defendants, neither of which has occurred in this case. *See, e.g., McGee v. McCray*, 2010 WL 5102991, *1 (M.D. Ga. Dec. 7, 2010). Thus, the motion to compel is denied without prejudice to refile at an appropriate time.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiffs' Petition for An Emergency Hearing, Motion for Summary Judgment, and Motion to Compel Release [of] Documents (Dkt. 17) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on February 14, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2012\12-cv-2579.multiplemotions.frm