# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**MARY FABING and JOHN FABING,**

    Plaintiffs,

v.                                                                    Case No.  8:12-cv-2579-T-30TBM

**GURKIRPAL GILL, M.D., et al.,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants Gurkirpal Gill, M.D., and Beytin, McLaughlin, McLaughlin, Bolin & Willers, P.A.'s Motion to Dismiss/Motion to Strike Plaintiffs' Emergency Amended Verified Complaint for Failure to State a Cause of Action and Memorandum of Law in Support (Dkt. 20).  The Court, having reviewed the motion and being otherwise advised in the premises, concludes the motion to dismiss should be granted.

*Pro se* Plaintiffs Mary and John Fabing initiated this lawsuit against Defendant Gurkirpal Gill after Mary was treated by Gill as one of his patients.  The original complaint referenced numerous statutes and alleged several different claims in a disjointed and conclusory manner.  Gill's motion to dismiss was granted on the basis of the Fabings' failure to conform their complaint with Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure.  The Court dismissed the case without prejudice to the Fabings to refile in compliance with the Federal Rules of Civil Procedure.  The Fabings filed an amended complaint that mirrors

the language and rambling allegations of the original complaint and adds Defendant Beytin, McLaughlin, McLaughlin, Bolin & Willers, P.A.

## STANDARD OF REVIEW

"While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010). To properly state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

The amended complaint is deficient for several reasons. First, it is nearly identical to the original complaint and therefore suffers from the same infirmities of failing to comply with Rule 8(a)'s requirement to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and Rule 10(b)'s admonishment to limit paragraphs "to a single set of circumstances." Fed. R. Civ. P. 8(a)(2) & 10(b). The amended complaint does contain more numbered paragraphs, but the numbering is ineffectual at demarcating what set of circumstances gives rise to which cause or causes of action. The Court still finds it nearly

impossible to know what claims the Fabings are trying to allege, although medical malpractice and fraud seem the most likely.[1]

Additionally, the amended complaint is a quintessential example of a shotgun pleading. A "shotgun pleading contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (*i.e.*, all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cnty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). As a result, shotgun pleadings are routinely condemned by the Eleventh Circuit. *See, e.g., Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991) ("Anyone schooled in the law who read these [shotgun pleading] complaints . . . [] would know that many of the facts alleged could not possibly be material to all the counts. Consequently, [the opposing party] and the district court [have] to sift through the facts presented and decide for themselves which [are] material to the particular cause of action asserted, a difficult and laborious task indeed.").

---

[1] The amended complaint references a variety of statutes and legal doctrines, such as "Section 504 of the rehabilitation Act and Americans with disabilities Act 1990;" "The Federal Tort claim Act;" " The Civil Rights Act;" "Medicare Fraud;" "Adult Protective Services Act;" "Res Ipsa Loquitur;" "Intentional Infliction of Emotional and Psychological Injury;" "Bad Faith;" "Third Party Reliance;" "Conspiracy against rights -deprivation of rights under color of law, and under the Constitution;" "mail fraud, wire fraud, obstruction of justice, perjury;" "false statements;" "Equitable Estoppel and Acquiesence;" "Judgment by Nihil Dicit;" and "Summary Judgment."

The Fabings' amended complaint repeatedly states "Plaintiff re alleges [sic] and restates the foregoing jurisdictional allegations and general factual allegations." *See* Am. Comp. ¶¶ 4, 6, 7, 9, 10, 12, 14, 16, 17, 18, 20, 22, 24, 26, 31, 33, 37, & 39. The Fabings make this allegation eighteen times throughout their forty-five numbered paragraphs. By including this statement, the amended complaint incorporates all allegations into each count or counts.[2] Additionally, the amended complaint does not identify which allegations apply to which Defendant, making it impossible for Defendants Gill and Beytin, McLaughlin, McLaughlin, Bolin & Willers, P.A., to respond.

Finally, even if the amended complaint sufficiently complied with the general pleading requirements of the Federal Rules of Civil Procedure, the Fabings have failed to demonstrate that they complied with the pre-suit notice requirements for medical malpractice as set forth in Chapter 766 of the Florida Statutes and have failed to allege fraud with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.[3]

In a negligence claim based on medical malpractice, Florida law requires the claimant to conduct an investigation of the claim and send the defendant notice of an intent to sue, along with a corroborating opinion by a medical expert. Fla. Stat. § 766.104. Florida law mandates the dismissal of claims filed before these prerequisites are met. Fla. Stat. § 766.206(2). Pursuant to Rule 9(c), a pleading sufficiently alleges conditions precedent by

---

[2]As the Court noted above, it is not clear what causes of action the amended complaint contains, but it appears the Fabings are attempting to allege multiple counts. Thus, the repeated statement is the essence of a shotgun complaint.

[3]From the amended complaint, medical malpractice and fraud seem to be the primary causes of action that the Fabings are attempting to allege.

"alleg[ing] generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). The amended complaint fails to allege that all conditions precedent have been met. Thus, any "claim arising out of the rendering of, or failure to render, medical care or services" must be dismissed for failure to allege that the conditions precedent have been met. *See R.W. V. Armor Corr. Health Serv., Inc.*, 830 F. Supp. 2d 1295, 1303 (M.D. Fla. 2011).

Rule 9(b) provides that in "alleging fraud . . . a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This pleading standard requires a plaintiff to set forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Medrando v. CTX Mortg. Co., LLC*, 2012 WL 2931293, at * 4 (M.D. Fla. July 12, 2012) (quoting *Infante v. Bank of Am. Corp.*, 2012 WL 744678, at *2 (11th Cir. Mar. 8, 2012)). The Fabings failed to plead what statements were made, when and where those statements were made, how they were misled by those statements, and what occurred as a consequence of Defendants' fraud.[4]

---

[4]In paragraph 34 of the amended complaint, the Fabings allege:

The tort [fraudulent misrepresentation] consists of five elements: (1) a material mispresentation; (2) the defendant's acted with the requisite scienter: Ms. Osborne, knew the statement was false or made it with reckless disregard as to its truth or falsity; (3) the defendant intended to induce reliance; (4) the misrepresentation caused plaintiff's justifiable reliance; (5) pecuniary damages resulted to the plaintiff.

(continued...)

Accordingly, any claim for fraud must be dismissed for failure to allege with particularity the facts constituting fraud.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants Gurkirpal Gill, M.D., and Beytin, McLaughlin, McLaughlin, Bolin & Willers, P.A.'s Motion to Dismiss/Motion to Strike Plaintiffs' Emergency Amended Verified Complaint for Failure to State a Cause of Action (Dkt. 20) is GRANTED.

2. This case is DISMISSED without prejudice to Plaintiffs to file a second amended complaint that conforms to the pleading requirements set forth in the Federal Rules of Civil Procedure within twenty (20) days from the date of this Order.

3. If Plaintiffs fail to file an amended complaint within twenty (20) days from the date of this Order, this case shall remain dismissed without prejudice, and the Court will direct the Clerk to administratively close this case, without further notice to the parties.

**DONE** and **ORDERED** in Tampa, Florida on February 26, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2012\12-cv-2579.finalmtdismiss.frm

---

[4] (...continued)
However, this allegation is nothing more than a mere recitation of the elements of fraudulent mispresentation.