# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MARY FABING and JOHN FABING,**

    **Plaintiffs,**

v.                                                                          Case No.  8:12-cv-2579-T-30TBM

**GURKIRPAL GILL, M.D., et al.,**

    **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Reconsideration (Dkt. 28). The Court, having reviewed the motion and being otherwise advised in the premises, concludes the motion for reconsideration should be denied.

Plaintiff Mary Fabing's second amended complaint was dismissed without prejudice for lack of subject matter jurisdiction.[1]  Dkt. 23.  In the third version of her complaint, Plaintiff did not allege any claims upon which this Court could exercise jurisdiction nor did she allege complete diversity of citizenship between herself and the Defendants.  This does not mean Plaintiff is barred from asserting her claims in any forum: the claims could properly be brought in state court.

Plaintiff's motion for reconsideration is based on her request for an extension of time to respond to the Defendants' motion to dismiss the second amended complaint.  The Court

---

[1] Plaintiff John Fabing has passed away since the filing of the second amended complaint.

granted Plaintiff a two-week extension, making her response due on or before May 14, 2013. Plaintiff did not file a response to that motion. In the motion for reconsideration, Plaintiff Mary Fabing informed the Court that her husband, the co-plaintiff, passed away on April 19, 2013, and that his death prevented her timely response to the motion to dismiss. The Court sympathizes with Plaintiff's loss. However, a response would have been futile because the Court lacks subject matter jurisdiction over her claims.

"The purpose of a motion for reconsideration is to correct manifest errors of law, to present newly discovered evidence, or to prevent manifest injustice." *McCreary v. Brevard Cnty., Fla.*, 2010 WL 2836709, at *1 (M.D. Fla. July 19, 2010). "A motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis for the Court's earlier decision." *Parker v. Midland Credit Mgmt., Inc.*, 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012) (quoting *Lamar Advertising of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 490 (M.D. Fla. 1999)).

Plaintiff does not show the Court any manifest errors of law, new evidence, or that manifest injustice will occur by ruling on the motion to dismiss without her response or by failing to grant her a further extension of time to respond. As the Court noted above, the Court dismissed her action without prejudice so that her claims may properly be brought in state court.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Reconsideration (Dkt. 28) is DENIED.

2. This case shall remain closed.

**DONE** and **ORDERED** in Tampa, Florida on May 23, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2012\12-cv-2579.mtreconsider.frm